number one nine one five five two Roger J. Taylor versus Sean Medeiros morning may it please the court Dana Kerr hand for Roger Taylor I won't be reserving rebuttal time I'll just go straight through we challenged the prosecutor's closing statement I think the district judge and the SJC both agreed that there was some error there I think the most egregious errors were the attacks on the personal attacks on defense counsel and more specifically accusing him of as a bald-faced lie there were a couple of other issues that were raised I think probably for purposes of due process analysis this case rises and falls on the first one but I think the reference to the failure to testify and the what we contend is a mischaracterization of the of certain evidence or the sort of vouching for certain evidence that really places this in context because this is not a couple of isolated remarks and otherwise exemplary jury argument this was a prosecutor over the course of a 35 page arguing argument continuing continually going up to the line sometimes crossing it and then coming up with a couple of pretty egregious statements that I think we can all acknowledge were improper the where do you see that there was a comment by the prosecutor on his failure to testify where do you see that there were a couple of things were a couple of you see if I can find that specifically just for your benefit counsel of the statement you sign your brief I think it would appear to be a comment on an arguable inconsistent statement that he didn't testify but it's a prosecutor seems to be an inconsistency in his statement this is about his his presence at Martha Lange's house and yet there seems to be a basis for arguing that he made an inconsistent statement with respect to that aspect of the case so why can't the prosecutor point out that inconsistency well I mean I think it was a sort of an inartful way of pointing this out in the first statement I have no idea where Mr. Taylor was when he calls early in the morning nobody does except for the defendant and then the next one was not one witness in this case puts the defendant at Martha Lange's house not one not any of the witnesses Mr. Swanley calls Marie Anderson doesn't say that Martha Lange doesn't say that and you know who else doesn't say that the defendant doesn't say that I suppose you could say that that's a commentary on what he said that's a it's a it's it's a commentary on what the defendant didn't say and when you say that he didn't say that he didn't testify and a jury could say could look at that and say he didn't testify now again I don't contend standing alone that's an error but I don't think it's an error that rises to the level of due process but I think it puts in context the the first argument the references to the the commentary on on defense counsel fabricating a defense and I think when you look at that and you look at that in in the context of a an argument that was less than ideal and that repeatedly went close to the line I think that's where we're deprived of a Mr. Curran the SJC did find that one statement the bald-faced lie statement was just plainly improper yes and then it said similarly the second comment about the jury adhering to their oath of office came dangerously close to the line and it said you put them together and then we ask the question of is it so prejudicial as to require a new trial and I think that's your strongest argument not this other stuff about commenting on nobody knows where he was sure okay so as I understand your argument you're saying that the SJC in its decision had an unreasonable application of federal law in reaching the conclusion that there was no prejudicial error and you spin that into a due process violation or maybe you're making the same argument that it had to be an unreasonable application because it was a due process so could you just spend a few minutes on that well I think the due process argument was made in the SJC and I think when you take a look at it you have to look at it if I know that the Commonwealth characterizes the evidence is overwhelming and the SJC and the district judge both say that it was a strong case against them however it was a there was a plausible theory of defense that it was Martin McRae rather than the defendant the murder took place in Martin McRae's room and the Commonwealth argued in its closing that Martin McRae had a lot of baggage and was less than an ideal witness and there were yes there were inconsistencies so I think there was a plausible theory of defense I think the by characterizing this as a bald-faced lie and as a fabricated defense and is something that the where the defense counsel is trying to pull the wool over the jury's eyes it may very well have caused an objection and trial to it yes there was there was a very there were objections throughout the trial throughout the closing at the after the closing there were very specific objections and arguments made which is precisely what I'm arguing here and so the SJC says they look at whether the defendant objected yes there was an it was not it went to the credibility of the defendant and whether curative instructions were given and they say well there were two curative instructions given and they say whether an error may have made a difference in the jury's conclusion and they say actually we we don't think so so what is unreasonable about the SJC's conclusion there well I think when we look at the curative instructions when there were objections the judge would essentially say well you need to look at you need to make your decision based on the evidence never told them to disregard those improper arguments in his jury charge the following day he again said you know you need to follow the follow the evidence you need to make your decision on the evidence not on the arguments of counsel but there's no specific instruction you know you heard an improper argument the disregard that entirely that never happened was that requested I don't recall what was required I know there was some discussion and the judge said I'm going to give a curative instruction tomorrow in my charge no was it specifically requested that the judge instructed that counsel's argument was improper and you should disregard it I I think it was not but I'm not sure I'm not sure either I don't recall I know that there was a very strong objection that it was improper and I you know when you look at this when you look at the various aspects as to whether it's prejudicial as to how serious it was as to the context and whether it could have made a difference in the outcome and as to the effectiveness of the okay I could have made a difference to the outcome the SJC talks about the testimony he had confess to strangling this young woman he confessed to mr. McRae who is the person that we that was argued a trial was the person who did the murder so I think you have to take that with a little bit of a grain of salt okay thank you maybe support Anna Lubecki for the respondent at the key point here is that petitioner cannot point to any Supreme Court case supporting a habeas grant let alone a case that the SJC's decision was contrary to or was an unreasonable application of he hasn't pointed to any such case and in fact the facts here just don't approach the standard that the Supreme Court has laid out out for this type of question which requires that the comments so infected the trial with unfairness as to miss it make the resulting conviction a denial of due process and and the Supreme Court has also made clear that that is a highly generalized standard which means that in the habeas context courts have more you know the argument suggests that the Commonwealth is saying to the federal court system you always have to rule about a rule against habeas on this assertion of impropriety by prosecutors in the Commonwealth certainly not your honor but but the petitioner does have the obligation to show that it meets the Supreme Court and the cases that the Supreme Court has decided in this area the facts here just don't rise to that level and if you look at for example the Darden case in that case the prosecutor referred to the petitioner as an animal who should be on a leash and said that death was the only guarantee against a similar act wish someone had blown the petitioner away with a shotgun so certainly there could be cases where prosecutors comments are so inappropriate that habeas might be appropriate but this is just not that case counsel I think to some extent judge Lynch's question may reflect the reality that in these habeas cases and also in cases in federal court involving I'm a sailor we're talking about direct appeal or the highly deferential Edpa standards when we're dealing in this habeas context and so over and over again you'll see comments in the case law this was this crossed the line it was improper should have been done but only it doesn't matter I mean what what are the what are the incentives for prosecutors to avoid these repeated arguments that cross the line that prompt course to say it should have been done but there are no consequences for what's what where are the incentives for prosecutors to do it differently if over and over and over again the court say wasn't good but there's really nothing we can do about it well your honor first of all I think there's there's the fact that when you're making a closing argument if you you're somewhat policed by the fact that you don't want opposing counsel to object in the middle of your argument interrupt the flow of your no no no no those are incentives not to do it we're now asking about since they do it and they apparently get away with it what consequences should flow from that can you tell us whether there were any consequences to the district attorney assistant DA who engaged in these practices well he did receive quite a significant commentary by the SJC which certainly no lawyer wants to be told by the SJC ever follow up you know I I'm not sure people can be shamed by published opinions but did the DA's take any action when they have been told by the SJC that their prosecutors have gone well beyond the line yeah I don't know the answer to that but I will maybe the Attorney General's office should know the answer to those questions noted your honor but I do think just just to come back to this case I understand the court's concerns but but I these cases do need to be considered on a case-by-case basis and and this is not a case that it is even close to that line there were perhaps comments that were inadvisable but but if you consider the full course of the closing argument as well as the defense argument I believe judge Lynch pointed out the SJC was highly critical of a couple of remarks that are an issue here telling the jurors in effect it would it would violate their oath if they took a different view of the evidence than that urged by the prosecution in effect suggesting that defense counsel was a liar I mean those went clearly beyond any sort of the reasons that the SJC cited but those were not small mistakes we aren't at all disputing the SJC's findings that point I think I know of course you're not disputing the SJC's findings you're here defending the SJC's findings I think you've heard some expressions of concern about the policing of Commonwealth prosecutors that go beyond the line and the SJC is not an enforcement agency but the Attorney General is we do hear that and I will take that back to the office so so thank you for that but but just on this specific case given the precedence that there are including from this court we would argue that that affirmance is required here and on the point about the the bald-faced lie comment which we agree was with the SJC was ill-advised this court in I believe it was a Obershaw which is a 2006 case in that case the prosecutor claimed that the petitioner was lying so very similar to this case and it was a habeas case where and this court described it as a rhetorical flourish and found that given that there had been instruction on the on the point and that there was not that there was no prejudice we'd argue that that case is directly applicable here I'm sorry you want us to minimize these improper to nothing more than a rhetorical flourish yeah I'm just I'm citing a case from this court and I guess I know but actually it's different well it was actually quite similar in terms of the comment that was made but excuse me counsel but here the SJC itself said that this bald-faced lie comment which was directed at counsel it was suggesting that defense counsel was engaging in presenting a fabricated case to the jury and the SJC said that was in suggesting basically that defense counsel was engaged in unethical and I'm not defending the comment but on the question for this court with respect to whether I understand the difference sure okay but I have a question for you the district court opinion seems to deal with all of these issues de novo when in fact that is not the role of the habeas district court the role is to see if there was an unreasonable application or contrary to Supreme Court precedent did the Commonwealth argued de novo review to the district court no your honor we put forward the applicable standards thank you it just just one more point which is that on the oath statement just wanted to be clear that with respect to that statement there was an immediate objection and there was an the court told the jurors they will make their decision based on the evidence and the evidence only and then again during the instructions after after closing mr. Curran's point was a different one that the comment was improper and that's what the court should have said not simply you don't listen to rhetoric from decide on the evidence well I think that the that instruction can actually be taken as a specific statement that the that the statement was incorrect the court said he referred to the statement he said mr. Zabin referred to the oath and he said you will have followed your oaths as jurors when you have made your credibility determined speak determinations based on the evidence whatever those determinations turn out to be so with that with respect to that comment the judge specifically told the jurors that it was incorrect the way it and explain to them what their oath is so with respect to that statement we believe that the instruction was quite clear and and the Supreme Court as well as this court has has taken a lot of consideration looked carefully at what the instructions were in deciding these types of cases thank you both